**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN EDGAR BERNAL GUTIERREZ, )
    *Petitioner,* )
                                  )    Civ. No. 20-4046 (VEC)
    -against- )
                                  )
THOMAS DECKER, *et al.,* )
    *Respondents.* )

---

### MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR
### LEAVE TO AMEND HIS PETITION
### AND MOTION TO MAKE ADDITIONAL FINDINGS AND AMEND JUDGMENT

The Government must respond not later than July 15, 2020. Plaintiff may reply not later than July 17, 2020.

SO ORDERED.

*[signature]*
7/9/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Edgar Loy Fankbonner, Esq.
GOLDBERGER & DUBIN, PC
401 Broadway, Suite 306
New York, New York 10013
Tel.: (917) 796-7406
E-Mail: fankbonner@gmail.com
*Attorneys for Petitioner*

1

TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………… 4

ARGUMENT…………………………………………………………………………… 6

    1.       The Court Should Make New Findings Based On Newly Available Evidence That Mr. Bernal Is Not Receiving Adequate Medical Treatment At OCCF……………………………………………………. 6

    2.       The Court Should Make New Findings Based On Mr. Bernal's Amended Pleadings, That The Immigration Court Improperly Shifted The Burden Of Proof To Mr. Bernal In His Bond Redetermination Proceedings……………………………………………………………. 9

CONCLUSION……………………………………………………………………. 11

# TABLE OF AUTHORITIES

**Cases**

*Charles v. Orange County*, 925 F.3d 73 (2d Cir. 2019)……………………………………… 8, 9
*Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017)……………………………………………… 7, 8
*DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)…………………. 8
*Garcia v. Decker*, No. 20-cv-1345 (LJL), 2020 WL 1435007
    (S.D.N.Y. Mar. 24, 2020)……………………………………………………………. 10
*Velasco Lopez v. Decker*, No. 19-cv-2912 (ALC), 2019 WL 2655806
    (S.D.N.Y. May 15, 2019)……………………………………………………………. 10


**Statutes and Regulations**

Fed. R. Civ. P. 59(e)………………………………………………………………………… 7
8 U.S.C. § 1226(a)…………………………………………………………………………… 4, 5, 9, 10
8 U.S.C. § 1226(c)(2)……………………………………………………………………….. 10

Petitioner Juan Edgar Bernal Garcia ("Mr. Bernal," "Petitioner"), by and through his attorneys, respectfully submits this memorandum of law in support of his motion for leave to amend his petition for a writ of habeas corpus and his motion for a temporary restraining order and preliminary injunction, for new and amended filings, and for an amendment judgment.

## PRELIMINARY STATEMENT

Mr. Bernal, a citizen of Mexico, has been detained pursuant to 8 U.S.C. § 1226(a) by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at Orange County Correctional Facility ("OCCF") since January 9, 2020, when ICE initiated removal proceedings against him in the New York, New York immigration court.  Mr. Bernal suffers from Type 2 diabetes.  He is the parent of three U.S.-citizen children and his common-law spouse is a U.S. citizen who wishes to marry him but cannot do so while he is detained and intends to sponsor him for lawful permanent residency as soon as they do marry.  A judge of the immigration court denied Mr. Bernal's bond application on or about May 21, 2020, based on a 2009 New York State conviction for driving while ability impaired by alcohol, a non-criminal vehicular infraction under New York law; and a 2019 conviction for driving while intoxicated, a misdemeanor (neither conviction resulted in jail time and were disposed of with fines and conditions).  ICE submitted Mr. Bernal's detention to review pursuant to its post-*Velesaca* protocol and also declined to release him based on those convictions.

On May 26, 2020, Mr. Bernal filed his Petition for a Writ of Habeas Corpus and Emergency Motion for an Order to Show Cause and Temporary Restraining Order (ECF 1, 2).  A

hearing on the Petition and Motion was held on June 1, 2020.  In an Order entered June 10, 2020, the Court denied the Petition and the Motion, holding that conditions at OCCF did not constitute a violation of Mr. Bernal's substantive due-process rights (ECF 26).  The Court expressed puzzlement that ICE had refused to release Mr. Bernal, stating that "this Court would almost certainly release Petitioner on bond if it were my decision," ECF 26 at * 3, 4, but held that Mr. Bernal had not identified a constitutionally defective review of his detention that would give rise to a procedural due-process claim.

Upon information and belief, the immigration judge who presided over Mr. Bernal's proceedings placed the burden on Mr. Bernal to prove by clear and convincing evidence that he is not a danger to society.  The immigration judge required Mr. Bernal to prove through clear and convincing evidence that he is not a danger to society, including affidavits from friends and family, and found that Mr. Bernal had failed to meet this burden because his submissions did not satisfy the court that he is not a habitual drunk-driver.  The immigration judge found, *inter alia,* that in light of his two arrests for drunk-driving, Mr. Bernal's was not credible when he testified that he does not regularly drink and drive.  It further found that the affidavits provided by Mr. Bernal were insufficient to prove that he would not pose a danger to society if released from custody.

Petitioner's original pleadings in the instant petition did not plead as a separate cause of action the immigration court's violation of Mr. Bernal's due process rights by shifting the burden of proof to Mr. Bernal in his § 1226(a) bond proceedings.  At the time of his original filing, we had insufficient information to raise such a claim.

5

Mr. Bernal is represented in his removal proceedings by attorney Dr. Michael Lichtenberg, who is unaffiliated with present counsel. The undersigned had not spoken with Dr. Lichtenberg when he filed Mr. Bernal's petition, due to the exigent circumstances surrounding that prompted the petition. (Indeed, Mr. Bernal was unable at that time to provide Dr. Lichtenberg's full name or contact information.) Communication with Mr. Bernal was constrained by the strict limits on visitation imposed by OCCF in response to COVID-19. As a result, the pleadings contained in the Petition were based on the undersigned's limited communications with Mr. Bernal and his immediate family members. Mr. Bernal's family had indicated to the undersigned that Dr. Lichtenberg had appealed the immigration judge's denial of bond to the Board of Immigration Appeals ("BIA"), and had not discussed the bond proceedings with Dr. Lichtenberg. We have since learned that this not the case. Moreover, Mr. Bernal did not inform present counsel that he was suffering from any health conditions other than Type 2 diabetes.

Dr. Lichtenberg, who is a physician by training in addition to being an attorney, recently informed the undersigned that Mr. Bernal has been suffering from an abscess for several weeks, . Dr. Lichtenberg also informed the undersigned that he did not appeal Mr. Bernal's bond denial until after the Court's June 10, 2020 holding denying habeas relief.

Dr. Lichtenberg further informed present counsel of the requirements imposed by the immigration court upon Mr. Bernal at the time of his bond proceedings. The immigration court imposed on Mr. Bernal the burden of proving that he is not a danger to society, and held that he had not met his burden.

By the instant Motion, Mr. Bernal respectfully requests that the Court amend its existing finds and enter additional findings based on the newly available evidence of Mr. Bernal's ill health.  Mr. Bernal further requests that the Court grant him leave to amend his petition so that he may plead as a cause of action the immigration court's assignment of the burden of proof to Mr. Bernal during his bond proceedings, and moves the Court to amend its previous judgment denying his habeas petition.   Mr. Bernal's submits his amended petition concurrently with the instant motion.

## ARGUMENT

### 1. The Court Should Make New Findings Based On Newly Available Evidence That Mr. Bernal Is Not Receiving Adequate Medical Treatment At OCCF

Mr. Bernal moves the Court pursuant to Fed. R. Civ. P. 59(e) for amended findings in light of the newly available evidence presented in his amended petition and declaration in support thereof.

Mr. Bernal submits herewith the Declaration of Dr. Michael Lichtenberg, who represents him in his proceedings before the immigration court.  Dr. Lichtenberg is a physician by training, and has spoken to Mr. Bernal at length in the weeks since this Court denied his petition on June 10.  According to Dr. Lichtenberg, Mr. Bernal is suffering from an abscess for which he has not received adequate medical treatment at OCCF.

As pleaded in his Petition and in his Amended Petition, Mr. Bernal is in civil, not criminal, custody.  The U.S. Constitution prohibits pretrial and civil detainees from being detained in punitive conditions of confinement because the purpose of such detention is allegedly not punitive.  *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  As a result, these detainees,

7

including immigrant detainees, "may not be punished in any manner—neither cruelly and unusually nor otherwise." *Id.* (explaining that protections for pretrial detainees, who may not be punished at all, are broader than those for convicted prisoners, for whom the Eighth Amendment provides protection against cruel and unusual punishment).

Because the rights of civil detainees such as Mr. Bernal are broader than those guaranteed under the Eighth Amendment, the Due Process Clause of the Fifth Amendment governs the claims of immigrant detainees who challenge punitive or otherwise unsafe or inhumane conditions. *Charles v. Orange County*, 925 F.3d 73, 82 (2d Cir. 2019); *Darnell*, 849 F.3d 17, 29; *see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) ("[W]hen the State . . . so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.").

Immigrant detainees establish a due process violation for unconstitutional conditions of confinement by showing that a government official "knew, or should have known" of a risk to a condition of confinement that "posed an excessive risk to health." *Darnell*, 849 at 35; *Charles*, 925 F.3d at 87 (noting that due process violations can be proven, in part, by showing that government officials either "*knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health" or "*should have known*") (emphasis in original); *see also Darnell* at 29 (describing the elements of a due process conditions of confinement claim as a subjective prong—that an officer acted with "at least deliberate indifference" and an objective prong—towards conditions that "pose an unreasonable risk of serious damage to [one's] health");

8

*see also Charles*, 925 F.3d at 86 ("[T]hose in civil detention . . . are also afforded a right to be free from deliberate indifference to their serious medical needs.").

Upon information and belief, Respondents know, or should know, that Mr. Bernal is suffering from an abscess and is suffering from constant pain as a result. Respondents have failed to administer adequate treatment to Mr. Bernal. In so failing, they have shown deliberate indifference to Mr. Bernal's medical needs, and thus violated Mr. Bernal's substantive due process rights as a civil detainee.

The Court's previous findings in Mr. Bernal's matter did not reflect the newly available evidence of Mr. Bernal's condition, which is unrelated to his previous claim, which was based entirely on his elevated risk of serious illness or death from COVID-19 as a diabetic in carceral setting.

    **2.** **The Court Should Make New Findings Based On Mr. Bernal's Amended Pleadings, That The Immigration Court Improperly Shifted The Burden Of Proof To Mr. Bernal In His Bond Redetermination Proceedings**

Upon information and belief, the immigration court assigned the burden of proof to Mr. Bernal in his 8 U.S.C. § 1226(a) bond proceedings. The immigration judge instructed Mr. Bernal and his counsel to produce evidence that Mr. Bernal is not a danger to society. Upon information and belief, Mr. Bernal produced the criminal court documents associated with his arrests. Most of his 15 were arrests for moving violations or for driving without a license; but one was for a 2009 charge of driving while under the influence of alcohol, a non-criminal New York State vehicular infraction, and another was for a 2019 misdemeanor conviction for driving while intoxicated. The drunk-driving related offenses were disposed of with fines. Mr. Bernal also

provided numerous character letters from friends and family, including declarations as to his sobriety and healthy habits. Mr. Bernal himself testified during the proceedings. Upon information and belief, the immigration judge found that Mr. Bernal was not credible when he testified that he had not engaged in drunk-driving outside of the two incidents that resulted in arrests.

The requirement that Mr. Bernal bear the burden of proof to establish his eligibility for release on bond violates his due process rights under the Fifth Amendment of the Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA"). Indeed, "every court to have considered the constitutional issue presented in this case has agreed . . . [that] under the Due Process Clause of the Fifth Amendment, it is the [g]overnment's burden to justify the detention of an immigrant at a bond hearing under § 1226(a)." *Velasco Lopez v. Decker*, No. 19-cv-2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019); *see also Garcia v. Decker*, No. 20-cv-1345 (LJL), 2020 WL 1435007 at *8 (S.D.N.Y. Mar. 24, 2020).

Moreover, requiring Mr. Bernal to shoulder the burden of proof violates the intent of Congress, which did not place the burden on the noncitizen in § 1226(a) as it did in § 1226(c)(2). The requirement is also arbitrary and capricious, in violation of the APA, as the agency's departure from applying a presumption against detention is unexplainable and stems from its interpretation of regulations not applicable here. Despite the violation of his due process rights, Mr. Bernal remains in detention, where he is denied adequate medical care.

Mr. Bernal respectfully requests that the Court grant him leave to submit his amended petition, where the basis for this prong of his motion is fully set forth.

The undersigned has notified Respondents via electronic mail of his intention to file this motion.

## CONCLUSION

For the foregoing reasons and in the interests of justice, the Court should grant Mr. Bernal's motion, accept his Amended Petition, and make new findings based on the pleadings contained therein and on the newly available evidence submitted in support thereof.

Respectfully submitted,

Dated: New York, New York  
       July 6, 2020

/s/ Edgar L. Fankbonner  
Edgar L. Fankbonner  
GOLDBERGER & DUBIN, PC  
401 Broadway, Suite 306  
New York, New York 10013  
Tel.: (917) 796-7406  
E-Mail: fankbonner@gmail.com  
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN EDGAR BERNAL GUTIERREZ, ) | |
| *Petitioner,* ) | |
| ) | Civ. No. 20-4046 (VEC) |
| -against- ) | |
| ) | ATTORNEY'S AFFIRMATION |
| THOMAS DECKER, *et al.,* ) | AND VERIFICATION |
| *Respondents.* ) | |

I, Edgar L. Fankbonner, state and affirm pursuant to 28 U.S.C. § 1746 that:

I am the attorney for petitioner Juan Edgar Bernal Gutierrez in the instant proceedings and as such I am familiar with the facts referred to in his motion for new and amended findings and for leave to amend his petition for a writ of habeas corpus.

The facts pleaded within the aforesaid motion are true and correct to the best of my knowledge and upon information and belief, the sources of which are my discussions with Petitioner and with his attorney, Dr. Michael Lichtenberg.

Dated: New York, New York
July 8, 2020

/s/ Edgar L. Fankbonner
Edgar L. Fankbonner
*Attorney for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUAN EDGAR BERNAL GUTIERREZ, | ) | |
| *Petitioner,* | ) | |
| | ) | Civ. No. 20-4046 (VEC) |
| -against- | ) | |
| | ) | **DECLARATION** |
| THOMAS DECKER, *et al.,* | ) | **OF MICHAEL A.** |
| *Respondents.* | ) | **YURASOV-LICHTENBERG** |

I, Michael A. Yurasov-Lichtenberg, declare pursuant to 28 U.S.C. § 1746 that:

(1)   I am an attorney duly admitted to the bar of the Supreme Court of the State of New York and to the bar of this honorable Court.

(2)   I represent Juan Bernal Gutierrez ("Mr. Bernal"), the petitioner in the above-referenced petition, before the Immigration Court and the Board of Immigration Appeals.

(3)   Incident to my attorney-client relationship with Mr. Bernal, I speak with him regularly and am reasonably aware of his condition and circumstances.

(4)   Prior to my engagement in the practice of law, I was a health care professional. I received my doctoral degree in medicine and began practicing as a physician in 1985. In 1986, I completed additional post-graduate training in emergency medicine, and in 1987, as part of my military service, qualified as a field surgeon.

(5)   On information and belief resulting from reasonable inquiries, Mr. Bernal is a diabetic.

(6)   On information and belief, Mr. Bernal presently suffers from an abscess in his buttock. Although this condition has persisted for approximately four weeks, he has not been

treated by a medical doctor at Orange County Correctional Facility.

(7)     A skin abscess, commonly called a boil, is a mass within or under the skin caused most frequently by a bacterial infection. Most abscesses are tender from the onset.  As the inflammation progresses, the inner part of an abscess liquefies, fills with dead cells, bacteria, and other debris, and increases in volume, creating pressure on the inflamed surrounding tissues.  Discomfort becomes persistent, throbbing pain that continues to grow in intensity.

(8)     Antibiotics alone will not usually cure an abscess. Surgical intervention is required in majority of the cases and is a universally accepted standard treatment of even small and uncomplicated, superficial abscesses. *See, e.g.,* Gillian Schmitz et al*., The Treatment of Cutaneous Abscesses,* West J. Emerg. Med. 2013 Feb; 14(1): 23–28 ("incision and drainage (I&D) remains the standard treatment"); Christina Korownyk, G. Michael Allan, *Evidence-based approach to abscess management*, Can. Fam. Physician. 2007 Oct; 53(10): 1680–1684 (in immunocompetent patients with no confounding risk factors, incision and drainage is the standard method of abscess management. There is no compelling evidence for routine cultures or empiric treatment with antibiotics).

(9)     From my personal experience as a practicing physician and from review of the professional literature, I attest that a proper treatment markedly reduces the pain and other symptoms of an abscess almost immediately, and, barring complications, the healing is normally complete within a few days.

(10)    The fact that Mr. Bernal suffers from this condition for nearly a month indicates that he is not receiving adequate medical care.

(11)  Having observed numerous patients with abscesses in my practice, I can attest that the pain caused by an advanced abscess is nearly invariably severe, and often excruciating.  To deny competent treatment to an abscess patient for several weeks is unconscionable.

(12)  Additionally, Mr. Bernal's underlying diabetes compromises his body's ability to resist most infections.  Allowing a raging infectious inflammatory process to run for a month created a clear and significant threat to his general health and his very life.  Indeed, a systemic sepsis developing as a result of inadequate management of localized bacterial processes is a well known cause of death of diabetic patients.

(13)  Further, on information and belief, approximately two weeks ago Juan Bernal has developed a pronounced lumbago which deprives him of sleep and for which he is also denied professional care.

   The foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
       July 6, 2020

*/s/ Michael Chelbeadury*

Dr. Michael A. Yurasov-Lichtenberg, Esq.
101 Lafayette Street, Suite 10A
New York, NY 10013